LIDIA MAHER (CSBN 222253)
ANDREW J. NICHOLSON-MEADE (CSBN 284070)
KEVIN B. HART (NYRN 3038031)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
kevin.hart@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 3:14-00534 CRB |
| v. | **GOVERNMENT'S ADMINISTRATIVE MOTION TO FILE EXHIBITS UNDER SEAL** |
| JOSEPH J. GIRAUDO, RAYMOND A. GRINSELL, KEVIN B. CULLINANE, JAMES F. APPENRODT, and ABRAHAM S. FARAG, | |
| Defendants. | |

Pursuant to Criminal Local Rule 56-1(c), the United States respectfully submits this Administrative Motion to File Exhibits Under Seal.  Accompanying this motion is the Declaration of Kevin B. Hart in Support of the Government's Administrative Motion to File Exhibits Under Seal ("Hart Decl."), as well as a proposed order.

The United States seeks to file under seal Exhibits C, D, E, F, and G to the Declaration of Lidia Maher, which was filed on October 7, 2016, with the Government's Reply Brief Regarding Use of Stationary Audio Recordings because the exhibits (1)  fall under the attorney work-product doctrine; or (2) capture images of unindicted coconspirators or private citizens.  Hart Decl. ¶¶ 5–8.

Although judicial records and documents are generally accessible to the public, a narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006), quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Among the records that are not traditionally made public are documents protected by the attorney work-product doctrine.  *See Asdale v. Int'l Game Tech.*, No. 3:04–CV–703–RAM, 2010 WL 2161930, at *5 (D. Nev. May 28, 2010).   The work-product doctrine applies to "documents or the compilation of materials prepared by agents of the attorney in preparation for litigation." *Id.* (citing *United States v. Nobles,* 422 U.S. 225, 238 (1975)). The overarching goal of the work-product doctrine is to "prevent[ ] disclosure of [the] 'mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'" *Ibrahim v. Dep't of Homeland Sec.,* 669 F.3d 983, 999 (9th Cir. 2012) (quoting Fed.R.Civ.P. 26(b)(3)(B)).

Here, Exhibits C, D, E, F, and G to the Maher Declaration contain, at least in part, the mental impressions, conclusions, opinions, or legal theories of government attorneys or other representatives concerning the litigation.  Hart Decl. ¶ 5.

Moreover, Exhibits F and G to the Maher Declaration should be placed under seal because they capture images of unindicted coconspirators or private citizens.  Hart Decl. ¶¶ 7-8. Naming or otherwise identifying unindicted coconspirators has been held by courts to violate due process because, when weighing the governmental interest in naming an unindicted coconspirator against the harm to the

1  individual who is accused but not indicted, "the balance tips wholly in favor of the adversely affected

2  appellants. *United States v. Briggs,* 514 F.2d 794, 806 (5th Cir.1975) (striking named unindicted

3  coconspirators from an indictment).  Here, Exhibits F and G capture the image of unindicted

4  conspirators and therefore, this Court should place them under seal to prevent improper disclosure.  Hart

5  Decl. ¶¶ 7-8.

8  DATED:  October 7, 2016                    Respectfully submitted,

10                                            _____/s/_____
11                                            Kevin B. Hart
                                              Trial Attorney
12                                            Antitrust Division
                                              U.S. Department of Justice