LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
    dan.wall@lw.com
  Ashley M. Bauer (Bar No. 231626)
    ashley.bauer@lw.com
  Colleen E. Heyler (Bar No. 313036)
    colleen.heyler@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendant Abraham S. Farag*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH J. GIRAUDO, RAYMOND A. GRINSELL, KEVIN B. CULLINANE, JAMES F. APPENRODT, and ABRAHAM S. FARAG,<br><br>Defendants. | CASE NO. CR 14-00534 CRB<br><br>**DEFENDANT ABRAHAM FARAG'S RULE 35(a) MOTION TO CORRECT SENTENCE** |

1    Defendant Abraham Farag respectfully requests that the Court correct its sentence,

2   which, as it currently stands, appears to reflect an unintended disparity between Abraham and

3   similarly situated defendants resulting from the sequence by which the Court sentenced these

4   defendants.

5    Abraham was sentenced on May 25, first among the defendants who were not part of the

6   "Big Five."  This was intentional, but not because of anything having to do with Abraham or his

7   personal circumstances.  Rather, as the Court explained, Abraham was the first non-Big Five

8   defendant sentenced because the Court wished to discuss *with Abraham's counsel* the general

9   question of whether custodial sentences were appropriate in these cases.  Hr'g Tr. at 39:13-20

10  ("May 25 Hr'g Tr."), *United States v. Abraham Farag*, Case No. CR 14-0534-5 CRB, ECF No.

11  412 (May 25, 2018) ("Mr. Wall, I called on you first … because I wanted to hear the best

12  arguments" against custodial sentences).  And in fact, the Court and Abraham's counsel

13  discussed those general issues for the better part of an hour.  The Court then announced that

14  notwithstanding counsel's arguments, it believed that principles of general deterrence and fealty

15  to the Sentencing Guidelines required custodial sentences in these cases (save for health issues).[1]

16  This was even with respect to Abraham, whom the Court described as "a person who is least

17  culpable in this whole panoply of people [involved in the San Mateo bid rigging conspiracy] . . .

18  certainly one of the least culpable people."  May 25 Hr'g Tr. at 32:9-16.  Abraham was

19  sentenced, *inter alia*, to 30 days custody.

20   At the time, it appeared that the Court intended this to be the low end of the sentencing

21  spectrum.  But then, on June 8, 2018, when this Court sentenced five other members of the

22  conspiracy, four individuals (Kuo Chang, Lydia Fong, Norman Montalvo, and Keith Goodman)

23  who carried *higher* offense levels than Abraham (13 rather than 11) received custodial sentences

24  50% to 100% *lower* than Abraham's, including no custodial sentence at all in the case of Level

25

26  [1] May 25 Hr'g Tr. at 6:20-25 ("[I]t goes to, I think, the essence of what I think the sentencing
    guideline commentary is directed in these types of cases, and it's as follows:  What serves as a
    deterrent, a general deterrent to the commission of a crime if it's not the prospect of jail?"); *id.*

27  at 42:21-25 ("[T]here must be a general deterrent that you have to understand that this is
    behavior, notwithstanding everything you've done in your life that's good, that will have a

28  serious impact on your life.").

13 offender Keith Goodman.[2]  Furthermore, as the following chart illustrates, Abraham ended up with one of the highest custodial sentences for defendants at offense levels of 11 or 13:

| Defendant | Sentence (Custody) | Level | Volume of Commerce (per USA) | Apparent PSR Recommendation (per Defendants' Memoranda) |
|---|---|---|---|---|
| Keith Goodman | 0 days | 13 | $1,337,800 | Probation = 3 yrs<br>6 mos. home confinement |
| Norman Montalvo | 10 days | 13 | $4,303,507 | Probation = 3 yrs<br>6 mos. home confinement |
| Kuo Chang | 15 days residential reentry center | 13 | $1,498,711 | Probation = 3 yrs<br>3 mos. home confinement |
| Lydia Fong | 15 days | 13 | $1,785,211 | Probation = 3 yrs<br>3 mos. home confinement |
| James Appenrodt | 15 days | 11 | $2,134,447 | Probation = 3 yrs |
| James Doherty | 20 days | 11 | $799,869 | *Unclear* |
| **Abraham Farag** | **30 days** | **11** | **$456,250-$928,087** | **Probation = 3 yrs**<br>**6 mos. home confinement** |

We bring this to the Court's attention out of concern that it is an unintended consequence of the Court's decision to sentence Abraham early in order to discuss general issues with Abraham's counsel.  We understand and accept that the Court cannot reconsider Abraham's sentence at this time except in the case of "arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Accordingly, if the Court intended to impose a higher custodial sentence on

---

[2] *See* Judgment in a Criminal Case, *United States. v. Kuo Chang*, Case No. 3:13-00670-CRB, ECF No. 49 (June 15, 2018); Judgment in a Criminal Case, *United States v. Lydia Fong*, Case No. 3:12-cr-00301-CRB, ECF No. 61 (June 15, 2018); Judgment in a Criminal Case, *United States. v. Norman Montalvo*, Judgment in a Criminal Case, Case No. 3:12-cr-00785-CRB, ECF No. 61 (June 11, 2018); Judgment in a Criminal Case, *United States v. Keith Goodman*, Case No. 3:11-cr-00798-CRB, ECF No. 77 (June 15, 2018).

1   Abraham than others, we accept that decision as final.  However, we believe that something else

2   explains this:  namely, that at the time of Abraham's sentencing, the Court expected a 30 day

3   custodial sentence to be the low end of the range of custodial sentences for Level 11 and 13

4   offenders, and as such appropriate for "one of the least culpable people."  May 25 Hr'g Tr. at

5   32:9-16.  This turned out to be incorrect, as the actual distribution of custodial sentences imposed

6   on similarly situated defendants (first apparent on June 8, 2018 [3]) was 0-45 days.

7          Again, we accept that we cannot, and therefore do not, ask the Court to reconsider

8   Abraham's sentence writ large.  Nevertheless, sincere in our belief that (a) the Court did not

9   mean for Abraham to receive the second *highest* sentence of all Level 11 or 13 defendants

10   sentenced thus far, and (b) that this has happened *solely* because the Court misestimated the

11   distribution of relevant custodial sentences at the time of Abraham's sentencing, we respectfully

12   ask the Court to correct this error and reduce Abraham's custodial sentence to whatever period of

13   time reflects the Court's actual intentions.

14   DATED: June 22, 2018                    Respectfully submitted,

15                                           By  /s/ Daniel M. Wall
                                                Daniel M. Wall (Bar No. 102580)
16                                              Ashley M. Bauer (Bar No. 231626)
                                                Colleen E. Heyler (Bar No. 313036)
17                                              LATHAM & WATKINS LLP
                                                505 Montgomery Street, Suite 2000
18                                              San Francisco, CA 94111-6538
                                                Telephone: (415) 391-0600
19                                              Fax: (415) 395-8095
                                                dan.wall@lw.com
20                                              ashley.bauer@lw.com
                                                colleen.heyler@lw.com
21
                                                *Attorneys for Defendant Abraham S. Farag*
22

23

24

25

26

27
_____
28   [3] Abraham therefore could not move to correct his sentence within the normal 14-day period
     from judgment, which had already expired.